*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

**UNITED STATES**
Appellee

**v.**

**Graham H. SMITH, Warrant Officer One**
United States Army, Appellant

**No. 18-0211**
Crim. App. No. 20160150

Argued January 22, 2019—Decided February 22, 2019

Military Judge: Deidra J. Fleming

For Appellant: *William E. Cassara,* Esq. (argued); *Major Julie L. Borchers and Bryan E. DePowell,* Esq. (on brief); Captain Daniel C. Kim.

For Appellee: *Captain Meredith M. Picard* (argued); *Colonel Steven P. Haight* and *Major Hannah E. Kaufman* (on brief).

───────────────

PER CURIAM:

We granted review to determine (1) whether the military judge abused her discretion in denying a defense motion to suppress evidence from Appellant's cell phone, and (2) whether the United States Army Court of Criminal Appeals (CCA) erred in concluding that Appellant waived the issue he now raises by failing to raise it at trial. We hold that Appellant waived his current objection, and thus need not reach the issue of whether the evidence was inadmissible.

## I. Posture and Background

Appellant's conviction stemmed from an incident in July 2014 in which he used his iPhone to take "upskirt" photos of a woman at the Fort Rucker commissary. For his conduct, a military judge sitting alone as a general court-martial convicted Appellant, contrary to his pleas, of indecent recording in violation of Article 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920c (2012 & Supp. I 2014). Appellant

was sentenced to a dishonorable discharge and confinement for two months. The convening authority approved the adjudged sentence, and the CCA affirmed. *United States v. Smith*, 77 M.J. 631, 637 (A. Ct. Crim. App. 2018).

At trial, defense counsel moved to suppress evidence derived from Appellant's iPhone on two grounds: (1) the unlawful seizure of Appellant's phone; and (2) the lack of probable cause justifying the search. After initially granting the motion, the military judge reconsidered and ultimately reversed her ruling.

## II. Law and Discussion

On appeal before the CCA, Appellant challenged for the first time the search of his iPhone because it was opened using the connection to his laptop computer. He argues that defense counsel's failure to specifically articulate a challenge on this ground "should not be considered waiver and thus fatal to further review."

We disagree. This Court has recognized that "[w]aiver can occur either by operation of law *or* by the 'intentional relinquishment or abandonment of a known right.'" *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018) (citations omitted) (emphasis added). Indeed, in *United States v. Robinson*, we held that Military Rule of Evidence (M.R.E.) 311(d)(2)(A) "unambiguously establishes that failure to object is waiver, and is not a rule that uses the term 'waiver' but actually means 'forfeiture.'" 77 M.J. 303, 307 (C.A.A.F. 2018).

In light of our unambiguous holding in *Robinson*, we reject the Government's concession that "[w]here [an] appellant moves to suppress evidence under M.R.E. 311 but fails to articulate a possible ground upon which to suppress the evidence, this forfeits (but does not waive) the issue." While the Government correctly notes that "this Court has found that there are instances where the plain language of a military rule for court-martial or rule of evidence reads 'waiver' but may be interpreted as 'forfeiture,'" it somehow missed the fact that we have already decided that this is not one of those instances. Given the parties' confusion, we take this opportunity today to reiterate that failure to object under

M.R.E. 311 constitutes waiver, not forfeiture. *Robinson*, 77 M.J. at 307.

In the instant case, it is indisputable that Appellant failed to raise the use of his computer as a "key" to open his iPhone as a possible ground for suppression in either his written motion to suppress or at the suppression hearing. Appellant concedes this point. Thus, he waived the issue. Given this conclusion, we need not reach the first issue raised by Appellant.

### III. Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.